IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NOEL GASORE,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER RECOGNIZING AUTOMATIC STAY AND TERMINATING MOTION TO DISMISS**<br><br>Case No. 2:22-cv-00211-JNP<br><br>District Judge Jill N. Parrish |

On March 25, 2022, Plaintiff, Owners Insurance Company, filed a complaint against Defendant Noel Gasore. ECF No. 2. Mr. Gasore had been involved in an automobile accident in 2015, and Plaintiff had been defending Mr. Gasore in a proceeding in the Third Judicial District Court for Summit County arising from that accident. Plaintiff asked the court to grant declaratory relief as to whether Plaintiff had a duty to defend or indemnify Mr. Gasore. *Id.* On April 27, 2022, Mr. Gasore filed a motion to dismiss alleging that "[t]he proper court for hearing this matter is the State Court where the underlying complaint is being heard." ECF No. 12. On May 2, 2022, Plaintiff responded to Mr. Gasore's motion to dismiss. ECF No. 14. Mr. Gasore did not file a reply brief. On June 28, 2022, upon learning that Mr. Gasore was involved in a bankruptcy proceeding, Plaintiff filed a notice of stay. ECF No. 18.

Upon initiation of a bankruptcy proceeding, the automatic bankruptcy stay prohibits "all entities" from "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under

this title . . . ." 11 U.S.C. § 362(a). "Any action taken in violation of the stay is void and without effect." *Franklin Sav. Ass'n v. Off. of Thrift Supervision*, 31 F.3d 1020, 1022 (10th Cir. 1994) (citation omitted). Whether the debtor Defendant filed the motion, or the court rules in the debtor Defendant's favor on the motion is irrelevant. *See TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495, 497 (10th Cir. 2011) (staying the debtor's appeal because the debtor was the defendant in the underlying proceeding); *Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371, 373 (10th Cir. 1990) ("The operation of the stay should not depend upon whether the district court finds for or against the debtor."). "The law in the Tenth Circuit is clear that actions taken in violation of the automatic stay are *void ab initio*; that is, they are without legal effect." *In re C.W. Min. Co.*, 477 B.R. 176, 191 (B.A.P. 10th Cir. 2012), aff'd, 749 F.3d 895 (10th Cir. 2014).

Because Mr. Gasore is both the debtor and the defendant in this case, the court cannot rule on the motion to dismiss while the stay is in place. The court terminates Defendant's motion to dismiss, ECF No. 12, pursuant to its "inherent authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Once the bankruptcy stay has been lifted, Defendant may reinstate his motion to dismiss.

DATED February 2, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge